**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Felix Guzman Rivadeneira</u>

   v.                                                                  Civil No. 15-cv-226-PB

<u>Dep't of Homeland Security et al.</u>[1]


**REPORT AND RECOMMENDATION**

    Before the court for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1), is the complaint filed by plaintiff, Dr. Felix Guzman Rivadeneira, asserting claims on behalf of Immigration and Customs Enforcement ("ICE") detainees and their families whose lack of English proficiency impedes their access to Department of Homeland Security programs and services.  Plaintiff filed this action while incarcerated in an ICE facility in Illinois awaiting deportation.  Plaintiff asserts federal civil rights claims in this action; he does not seek federal habeas review of his deportation order.

    The court may dismiss an inmate's claims if the court lacks

---

[1]Defendants named are the Department of Homeland Security; Immigration and Customs Enforcement ("ICE"); the Attorney General of the United States; the Detention Operation Manual, Chief Operator; wardens of all ICE jails and detention facilities; ICE Service Processing Centers; ICE contract detention facilities; and ICE intergovernmental service agreement facilities.

subject matter jurisdiction, the complaint fails to state a claim, or the action is frivolous or malicious.  See 28 U.S.C. § 1915A(b).  In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

    Essentially for reasons stated in the June 29, 2015, Report and Recommendation issued in the District of Maine, in an action in which plaintiff filed an identical complaint, and for reasons stated in the July 8, 2015, order issued by the District of Massachusetts after screening substantially the same pleading, the district judge in this case should dismiss this case in its entirety.  See Guzman Rivadeneira v. Dep't of Homeland Sec., No. 2:15-cv-00228-DBH, 2015 U.S. Dist. LEXIS 84326 (D. Me. June 29, 2015) (recommending dismissal because plaintiff appearing pro se cannot maintain class action claims, plaintiff failed to

establish venue, and plaintiff failed to state any personal claim for relief), report and recommendation approved by No. 2:15-cv-00228-DBH, 2015 U.S. Dist. LEXIS 95215 (D. Me. July 22, 2015).  See also Guzman Rivadeneira v. Dep't of Homeland Sec., No. 15-12317-RGS, 2015 WL 4111452, 2015 U.S. Dist. LEXIS 88538 (D. Mass July 8, 2015) (dismissing action as duplicative of suits already pending in other federal courts, and for lack of venue).  Just as venue was found lacking in Massachusetts and Maine, venue in the District of New Hampshire is inappropriate for any claims asserted by plaintiff on his own behalf. Transferring the case to another district is not in the interests of justice, in light of the other deficiencies in the pleadings.  See Guzman Rivadeneira v. Dep't of Homeland Security, No. 15-cv-00231 LEK/RLP (D. Haw. July 6, 2015) (dismissing complaint for failure to state a claim, lack of jurisdiction over certain claims, and improper venue, and, declining to grant leave to amend where, among other things, plaintiff received notice from other federal courts, "detailing the deficiencies in [the] mass-mailed pleading").

## Conclusion

For the foregoing reasons, the district judge should

dismiss this action in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 30, 2015

cc:  Felix Guzman Rivadeneira, pro se

4